**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALLEN DAVID DANIEL,

                Plaintiff,                      Case Number: 08-CV-10999

v.                                              HONORABLE ARTHUR J. TARNOW

JENNIFER GRANHOLM, ET AL,

                Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Allen David Daniel has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, pursuant to convictions for malicious destruction of property, aggravated stalking, larceny in a building, home invasion, assault with intent to murder, and felony firearm. He is proceeding without prepayment of the filing fee for civil actions under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] for failure to state a claim upon which relief may be granted.

In his complaint, Plaintiff alleges that the 290-plus defendants conspired to wrongfully convict him. The named defendants include the Governor of Michigan, representatives from various state and local agencies (e.g., Civil Service Commission, Michigan Treasury

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

    Notwithstanding any filing fee, or any portion thereof, that may
    have been paid, the court shall dismiss the case at any time if the
    court determines that –
    . . .
    (B) the action or appeal –
    . . .
    (ii) fails to state a claim upon which relief may be granted . . .

Department, Michigan State Police, Michigan Department of Management and Budget, Michigan Department of Labor and Economic Growth, Wayne County Court of Appeals, Michigan Supreme Court, Wayne State University, Detroit Police Department and Roseville Police Department), and various private companies (e.g. Countrywide Home Loans, State Farm Insurance, Home Depot Credit Services, Lowe's Credit, Federal Express, and Soccorro's Painting).

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87. *See also* Schilling v. White, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

A judgment in favor of Plaintiff would imply the invalidity of his convictions. Neither Plaintiff's convictions nor his sentences have been overturned or declared invalid. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

2

In addition, Plaintiff filed a pleading entitled: "Radical Jurisdictional Defect Manifest Injustice Necessity Expedited Pro Se Injunctions Requested Without Any Undue Delays Pursuant to: Fed. R. Civ. P. Rules 65(a)(b)(c)(d)(e), U.S. Const. Ams I-XXVII, U.S. Const. Art. 6 Cl.2, U.S. Const. Art. IV §§ 1, 2, 3, U.S. Const. Art. 1, §§ 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 42 U.S.C. §§ 1981 *et seq.*, 1983, 1988 *et seq.*, 1985 *et seq.*, 18 U.S.C. §§ 2, 4-17, 23, 27, 29, 101, 102, 241, 242, 371, 401, 402, 455, 844(i), 1001, 1002, 1201 *et seq.*, 1341-1347, 1501-1512, 1621, 1622, 1623, 1861 *et seq.*, 1950-1968, 2071, 2073, 2113 *et seq.*, Const. 1963 I-XII, Const. 1963 Art. VI § VI." The substance of the pleading is confused and rambling. Plaintiff's kitchen-sink approach with respect to naming defendants and citing statutes does not serve to strengthen the complaint; instead, it serves only to further confuse his claims.

This supplemental pleading appears to raise a claim that corrections officials have refused to copy exhibits to send to the Court in connection with this lawsuit in violation of his right of access to the courts. Prisoners have a First and Fourteenth Amendment right of access to the courts. *See* Lewis v. Casey, 518 U.S. 343, 354 (1996). In order to state a claim of denial of access to the courts, a plaintiff is required to allege that he had been prejudiced in pursuing non-frivolous litigation concerning his conviction or prison conditions. Id. Plaintiff has filed over 100 pages of exhibits in this case and has failed to allege how prison officials' alleged failure to copy other, unidentified exhibits prejudiced his ability to pursue this case.

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED**.

          S/Arthur J. Tarnow
          Arthur J. Tarnow
          United States District Judge

Dated: April 11, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 11, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary
