**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

A<small>LLEN</small> D<small>AVID</small> D<small>ANIEL</small>, #537193,

    Plaintiff,

v.

J<small>ENNIFER</small> G<small>RANHOLM</small>, *et al.*,

    Defendants.

                              /

Case No. 08-10999

DISTRICT JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE STEVEN D. PEPE

**ORDER DENYING PLAINTIFF'S MOTIONS [10], [11], and [14]**
**FOR RELIEF FROM JUDGMENT**

On March 10, 2008, Plaintiff filed a civil rights Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, after his conviction on charges of malicious destruction of property, aggravated stalking, larceny in a building, home invasion, assault with intent to murder, and felony firearm. In this action, Plaintiff complained that his conviction was the result of a conspiracy among a group of over 290 defendants.

On April 11, 2008, after careful consideration, the Court summarily dismissed [7] the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief can be granted. The Court reasoned that, although a § 1983 action is an appropriate vehicle for a prisoner challenging the constitutionality of the conditions of his confinement, it is not a proper remedy for a prisoner seeking, as Plaintiff apparently seeks, "to challenge the very fact or duration of the confinement itself." See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

Since the dismissal of this case, Plaintiff has filed three Motions for Relief from Judgment [10], [11], and [14], each citing Fed. R. Civ. P. 58, which controls the Court's entry of a judgment. For purposes of the pending Motions, the Court will construe Plaintiff's pleadings under Fed. R. Civ. P. 60, "Relief from a Judgment or Order." That rule permits relief from a final judgment or order if any of the following provisions applies:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. Here, it seems that none of those conditions exists.

Plaintiff's lengthy pleadings do little to explain any possible basis for relief from this Court's final Order dismissing his § 1983 action. In an apparent reference to his arrest and subsequent criminal trial, Plaintiff mentions that "[t]his Court and other Courts were intentionally mislead (sic)" by law enforcement officials, and that thereafter "the Court entered judgment and orders that are inconsistent with due process." *See* Pl.'s Mot. [14] at 5. Plaintiff argues that he was "falsely convicted" and deprived of his right to a fair trial. *See* Pl.'s Mot. [11-2] at 5. Plaintiff asks the Court "to grant relief from judgment to proceed with this § 1983 action." *See* Pl.'s Mot. [10] at 6.

In each request, Plaintiff appears to protest not the conditions of his confinement, but "the very fact . . . of the confinement itself." See Preiser, 411 U.S.

at 499.  As the Court held when it dismissed this case, a § 1983 action is not the appropriate vehicle for such a challenge.  See id.

Plaintiff has failed to invoke, under Fed. R. Civ. P. 60, an applicable basis upon which the Court might reconsider its determination that this § 1983 action must be dismissed for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Relief from Judgment [10], [11], and [14] are **DENIED**.

**SO ORDERED.**


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  February 12, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 12, 2009, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager